# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Finance of America Reverse, LLC.** <br><br> **Plaintiff** <br><br> v. <br><br> **The Estate Asunción Olmeda Martínez a/k/a Asunción Olmeda composed of Francisco Rodríguez Olmeda and John Doe; Departamento de Hacienda; Centro de Recuadaciones de Ingresos Municipales; United States of America;** <br><br> **Defendants** | CIVIL ACTION NO.: |

## MORTGAGE FORECLOSURE COMPLAINT

Plaintiff, FINANCE OF AMERICA REVERSE, LLC., by the undersigned attorney brings this against the Defendants named in the above style action, and very respectfully for its cause of action alleges and states the following:

### STATEMENT OF JURISDICTION

1. Jurisdiction is conferred upon this Court by virtue of 28 U.S.C. sec 1332. There is complete diversity jurisdiction among the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

2. Venue is proper in this Court pursuant to 28 U.S.C. sec. 1391 due to the fact that the real property in question is located in Puerto Rico.

3. Plaintiff is a corporation with its principal place of business located 8909 South Yale Avenue, Tulsa, OK 74137.

4. Defendants, The Estate Asunción Olmeda Martínez a/k/a Asunción Olmeda composed of Francisco Rodríguez Olmeda and John Doe, are residents of the Commonwealth of Puerto Rico.

5. Defendant, UNITED STATES OF AMERICA, is made a named party pursuant to 28 U.S. Code § 2410(a)(2).

## FORECLOSURE OF MORTGAGE

6. This is an action to foreclose a mortgage on the following real property located SR-171, La Lineal Sect., Rincon, Cidra, PR 00739(the "*Property*"), described herein:

> **RÚSTICA**: Parcela de terreno localizado en el Barrio Rincón del término municipal de Cidra, Puerto Rico, con una cabida superficial de mil quinientos veintiuno punto cero seis (1521.06) metros cuadrados. Colinda por el **NORTE**, en cuarenta y siete punto sesenta y nueve (47.69) metros, con terrenos de Andrés Negrón; por el **SUR**, en treinta y tres punto cuarenta y siete (33.47) metros, con un canal que lo separa de la finca principal; por el **ESTE**, en dos alineaciones distintas, una de cuarenta y uno punto noventa y cinco (41.95) metros, con terrenos de Miguel López y la otra de quince punto noventa y ocho (15.98) metros, con la antigua carretera ciento setenta y uno (171); y por el **OESTE**, en diecinueve punto cincuenta y cuatro (19.54) metros con camino vecinal.
>
> Property Number 5,335 recorded at page 55 of volume 125 of Cidra, Registry of the Property of Puerto Rico, Section II of Caguas.

7. Defendant(s), Asunción Olmeda Martínez a/k/a Asunción Olmeda, is the owner of the mortgaged property according to the Registry of Property and Plaintiff's best knowledge and belief.

8. On March 13, 2012, for value received as a reverse mortgage loan identified by FHA Number 501-8414266-951, Asunción Olmeda Martínez a/k/a Asunción Olmeda (hereinafter referred to as the "*Borrower*") executed and delivered a mortgage note payable to The Money House, Inc. or its order, for the principal amount of $156,000.00, with interest at 5.060% and due on September 26, 2075 (the "*Note*"), guaranteed with a mortgage constituted by deed number 21 before notary public Luis A. Colon Ortiz (the "*Mortgage*"), which is secured by the Property and

filed in the Registry of Property of Puerto Rico, Section II of Caguas at Entry 1284, of the Journal of Daily Entries 662 of Cidra, where it still, at this time, appears in full force. A true and correct copy of said Note and Mortgage is attached hereto and incorporated herein by reference.

9. The Plaintiff is the holder of the Note secured by the Mortgage and states he has not endorsed, sold, transferred or otherwise traded it. Urban Financial Group, Inc. changed names to Urban Financial of America, LLC., attached hereto and incorporated herein by reference is a true and correct copy of the Certificate of Conversion of Urban Financial Group, Inc. to a Delaware Limited Liability Company Act". Also, Urban Financial of America, LLC change its name to "Finance of America Reverse, LLC., attached hereto and incorporated herein by reference is a true and correct copy of the "Certificate of Amendment of Urban Financial of America, LLC.". This information is presented in order to clarify that the endorsement on the mortgage note for Urban Financial Group, Inc. refers to the Plaintiff in this case.

10. Defendants are currently under default. Pursuant to the terms and conditions of the Mortgage and the Note, Plaintiff has the right to, and has in fact, declared the Note due and payable. The amounts due and payable to date are as follows: $76,387.94 for principal, interest on such principal at the rate of 5.060% per annum until full payment, plus $ 15,600.00 for attorney fees and costs.

11. The Defendants has been declared deceased, making the loan guaranteed by the Mortgage declared due in accordance with the obligations to which the defendant agreed upon with The Money House, Inc. in order to grant the loan, according to Paragraph fifth section 9 (b) (i) of the reverse mortgage which reads: "Grounds for Acceleration of Debt. (a) Due and payable. Lender may require immediate payment in full of all sums secured by this security instrument if: (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower."

12. The minimum bid stipulated in the mortgage for the first public sale of this property is $156,000.00.

13. The Property is subject to a junior lien in favor of the Secretary of Housing and Urban Development, or it's order, and in accordance with the United States Code, Section 7425 (a) (a) of Title 26 (26 USC sec 7425) and 2140 of Title 28 (28 USC sec 2410) it is a requirement to include the United States as defendants in any foreclosure where the property is affected by a junior lien in favor of the United States of America or any of its agencies. Said lien is described as follows: mortgage note payable to Secretary of Housing and Urban Development, or its order, for the principal amount of $156,000.00, with interest at 5.060% and due on September 26, 2075, guaranteed with a mortgage constituted by deed number 22 before notary public Luis A. Colon Ortiz (the "*Second Mortgage*"), which is secured by the Property and filed in the Registry of Property of Puerto Rico, Section II of Caguas at entry 1285 of the Journal of Daily Entries 662 of Cidra.

14. All conditions precedent to the maintenance of this action have been performed, excused, waived or have otherwise occurred.

15. A true and correct copy of a Sworn SCRA Affidavit is attached hereto and incorporated herein by reference in compliance with the Service Members Civil Relief Act, 50 USC App. Sec. 501 *et seq.*

16. Defendant, UNITED STATES OF AMERICA, may claim or have some interest in or lien or claim upon the Property by virtue of a Second Mortgage, but any interest is junior, inferior and subordinate to the interest of Plaintiff.

17. The right to redeem provided for by section 2410 (c) of title 28, shall not arise in any case in which the subordinate lien or interest of the United States derives from the issuance of insurance under the National Housing Act, as amended [12 U.S.C. 1701 et seq.].

18. Defendants, THE ESTATE OF ASUNCIÓN OLMEDA MARTÍNEZ A/K/A ASUNCIÓN OLMEDA COMPOSED OF FRANCISCO RODRÍGUEZ OLMEDA AND JOHN DOE, may have some interest in or lien upon the Property by virtue of their status.

19. Any interest of said unknown parties is junior, inferior and subordinate to the interest of the Plaintiff.

20. Defendants, DEPARTAMENTO DE HACIENDA, may have some interest in or lien upon the Property by virtue of their status. Any interest of said unknown parties is junior, inferior and subordinate to the interest of the Plaintiff.

21. Defendants, CENTRO DE RECAUDACIONES DE INGRESOS MUNICIPALES, may have some interest in or lien upon the Property by virtue of their status. Any interest of said unknown parties is junior, inferior and subordinate to the interest of the Plaintiff.

WHEREFORE, Plaintiff, FINANCE OF AMERICA REVERSE, LLC., prays this Court grant relief as follows:

A. Determine the amount due Plaintiff pursuant to the Note and Mortgage;

B. Award Plaintiff any sums paid to protect its security, including interests, expenses, costs, late charges and attorney's fees and costs, to the fullest extent allowed by law;

C. Foreclose the mortgage and sell the Property securing the indebtedness at public auction and the money due to Plaintiff be paid from the proceeds of the sale to satisfy Plaintiff's mortgage lien, if the sums due Plaintiff under the Note and Mortgage are not paid immediately;

D. Foreclose and forever bar the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereafter made a Defendant be forever barred and foreclosed;

E. Retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession and the entry of a deficiency decree, when and if such deficiency decree shall appear proper, if borrower(s) has not been discharged in bankruptcy; and

F. Grant such other relief as may be just and equitable in the circumstances.

**RESPECTFULLY SUBMITTED.**

This 4 day of April, 2016

/s/ JOEL ANTONIO FIGUEROA RIVERA
Joel Antonio Figueroa Rivera
USCD-PR: 302803
**GLS LEGAL SERVICES, LLC**
Attorneys for Plaintiff
figueroa@glslegalservices.com
P.O. Box 367308
San Juan, P.R. 00936
Tel. 787-758-6550; Fax. 787-758-6554