---El mismo día de otorgamiento expedí la primera copia certificada a favor de The Money House, Inc. DOY FE.---------

NOTARIO PÚBLICO



**FHA Case Number:** 501- 8414266-951------------------
*Número de Caso de la FHA:* 501- 8414266-951-------------------

**Deed Number:** **TWENTY ONE (21)** -------------------------
*Escritura Número:* **VEINTIUNO (21)** -------------------------

------------------**FIXED RATE**------------------------
------------------**HOME EQUITY CONVERSION FIRST MORTGAGE**--------------
------------**THIS MORTGAGE SECURES A REVERSE MORTGAGE LOAN**-----------

------------------*TASA DE INTERES FIJO*------------------
------*CONVERSIÓN DEL CAPITAL ACUMULADO EN LA VIVIENDA*------------
------------------*PRIMERA HIPOTECA*------------------
*ESTA HIPOTECA GARANTIZA UN PRÉSTAMO DE UNA HIPOTECA*---------------
*REVERTIDA*-----------------------------------

-----In the city of Cayey, Puerto Rico, this thirteen (13) day of March, Two Thousand Twelve (2012). ------------------

-----*En la ciudad de Cayey, Puerto Rico, hoy día trece (13) de Marzo de dos mil doce (2012).*----------------------

------------------**BEFORE ME**------------------

---- **LUIS A. COLON ORTIZ**-------------------------------
an Attorney and  Notary Public in and for the Commonwealth of Puerto Rico, with residence in the city of **Santa Isabel** ----------- , Puerto Rico, and with offices in **Santa Isabel** ------------------------------
-------------- , Puerto Rico.------------------

------------------*ANTE MÍ*------------------

----- **LUIS A. COLON ORTIZ**-------------------------------
*un(a) Abogado(a) y Notario Público en y para el Estado Libre Asociado de Puerto Rico, con residencia en la ciudad de* **Santa Isabel** *, Puerto Rico, y con oficinas en* **Santa Isabel** *, Puerto Rico.*------------------

------------------**APPEAR**------------------

-----The person(s) named in Paragraphs Tenth (10th) and Eleventh (11th) (hereinafter "Borrower" and "Lender"), whose personal circumstances are set forth in said Paragraphs.------------------

------------------*COMPARECEN*------------------

*La(s) persona(s) mencionada(s) en los Párrafos Décimo ("10") y Decimoprimero ("11") (en adelante el "Deudor" y el "Acreedor Hipotecario"), cuyas circunstancias personales se disponen en tales párrafos.*-----------------

------------------**I ATTEST**------------------

---I, the Notary Public, give faith that I personally know the parties appearing herein, and, through their statements, as to their ages, civil status, occupations and residences, who assure me that they have, and in my judgment they do have, the legal capacity to execute this deed (herein called "Security Instrument"), wherefore, they freely--------------

------------------*DOY FE*------------------

-----*Yo, el Notario Público, doy fe de que conozco personalmente a los comparecientes, y, por sus dichos, de sus edades, estado civil, ocupaciones y residencias, quienes me aseguran tener, y a mi juicio tienen, la capacidad legal necesaria para otorgar esta escritura (aquí denominada "Hipoteca"), por lo que libremente*-----------------

------------------**STATE AND COVENANT**------------------

---**FIRST:** That the Borrower is the owner of the property or properties described in Paragraph Fourth (4th) of this Security Instrument (hereinafter called "Property").------

---The Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.---------------------

------------------*DECLARAN Y CONVIENEN*------------------

---PRIMERA: *Que el Deudor es el dueño de la propiedad o las propiedades descritas en el Párrafo Cuarto (4º) de esta Hipoteca (en adelante denominada "Propiedad").* ----

---*Que el Deudor tiene legítima posesión de la propiedad por la presente traspasada y tiene derecho a hipotecar, ceder y traspasar la Propiedad y que la Propiedad está libre de cargas y gravámenes. El Deudor garantiza y defenderá el título de la Propiedad contra toda reclamación y requerimiento, sujeto a cualquier gravamen que surja de Registro de la Propiedad.* -------

---SECOND:  Pursuant to the terms of a Home Equity Conversion Loan Agreement ("Loan Agreement"),  by and between the Borrower and the Lender , dated the same date as this First Mortgage,  Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of the Loan Agreement.  The agreement to repay is evidenced by Borrower's First Note ("Note") dated the same date as this Security Instrument .----------------

---SEGUNDA: *El Deudor ha acordado repagar al Acreedor Hipotecario canidades que el Acreedor Hipotecario está obligado a adelantar, incluyendo adelantos futuros, bajo los términos de un Acuerdo de Préstamo de Conversión del Capital Acumulado con la misma fecha que esta Hipoteca ("Contrato de Préstamo"). El acuerdo de repago se evidencia con el Primer Pagaré del Deudor ("Pagaré") con la misma fecha que esta Hipoteca.*--------

---This Security Instrument secures to Lender the repayment of the debt evidenced by the Note, including all future advances, with interest, and all renewals, extensions and modifications of the Note, up to a maximum principal amount ONE HUNDRED FIFTY SIX THOUSAND DOLLARS (U.S. $156,000.00) with an initial interest rate (herein "Interest Rate") of FIVE POINT ZERO SIX ZERO PERCENT (5.060%) per annum, until repayment in full is made.-----------------



---*Esta Hipoteca garantiza al Acreedor Hipotecario el repago de la deuda evidenciada por el Pagaré, incluyendo todos los adelantos futuros, con intereses, y todas las renovaciones del Pagare, hasta una cantidad máxima de principal en la suma CIENTO CINCUENTA Y SEIS MIL DOLARES (U.S156,000.00) con una tasa de interés inicial (aquí denominada "Tasa de Interés") de CINCO PUNTO CERO SEIS CERO POR CIENTO (5.060%) por año, hasta que se realice el pago total.*------

---The full debt, including the principal, interest, and all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument, if not paid earlier, is due and payable on SEPTEMBER TWENTY SIX (26), TWO THOUSAND SEVENTY FIVE (2075).------

---*La deuda total, incluyendo el principal, los intereses, y todas las otras sumas, con intereses, adelantada bajo el Párrafo 5 para proteger la seguridad de esta Hipoteca o de otro modo adeudada bajo los términos de esta Hipoteca, si no se pagase antes, vence y es pagadera el VEINTISEIS (26) DE SEPTIEMBRE DE DOS MIL SETENTA Y CINCO (2075).*---------

---THIRD:  To secure to Lender (a) the repayment of the indebtedness evidenced by the Second Note, with interest thereon, (b) the payment of all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; (b)  the performance of Borrower's covenants and agreements under this Security Instrument and the Note; and (c) the payment of a liquidated amount of FIFTEEN THOUSAND SIX HUNDRED DOLLARS ($15,600.00) which Borrower undertakes to pay without the prior requirement of liquidation and approval by the court to cover costs, expenses and attorney's fees in the event that the holder of the Note has to proceed with mortgage foreclosure or judicial collection procedures.-------------------

---TERCERA: *Para garantizar al Acreedor Hipotecario (a) el repago de la deuda evidenciada por el Segundo Pagaré, con intereses en adelante, (b) el pago de todas las otras sumas, con intereses, adelantadas bajo el Párrafo 5 para proteger la seguridad de esta Hipoteca o de otro modo adeudadas bajo los términos de esta Hipoteca; (b) la realización de los convenios y acuerdos del Deudor bajo esta Hipoteca y el Pagaré; y (c) el pago de una cantidad liquidada de QUINCE MIL SEISCIENTOS DOLARES ($15,600.00) que el Deudor asume pagar sin el requerimiento previo de liquidación y aprobación por parte de la corte para cubrir costos, gastos y honorarios de abogados en caso de que el titular del Pagaré tenga que proceder con la ejecución de la hipoteca o procedimientos para el cobro por la vía judicial.* ---------

---The Borrower by these presents constitutes a FIRST MORTGAGE over the Property described in Paragraph Fourth.--------------

---*Por la presente el Deudor onstituye un PRIMERA HIPOTECA sobre la Propiedad descrita en el Párrafo Cuatro.* ------------

---FOURTH: For this purpose, Borrower does hereby irrevocably mortgage to Lender, with power to foreclose, the Property described as follows:---

---CUARTA: Para este fin, el Deudor irrevocablemente hipoteca a favor del Acreedor Hipotecario, con facultad de ejecución, la Propiedad descrita de la siguiente manera:---

--- RUSTICA: Parcela de terreno localizado en el Barrio Rincón del término municipal de Cidra, Puerto Rico, con una cabida superficial de mil quinientos veintiuno punto cero seis (1521.06) metros cuadrados. Colinda por el NORTE, en cuarenta y siete punto sesenta y nueve (47.69) metros, con terrenos de Andres Negron; por el SUR, en treinta y tres punto cuarenta y siete (33.47) metros, con un canal que lo separa de la finca principal; por el ESTE, en dos alineaciones distintas, una de cuarenta y uno punto noventa y cinco (41.95) metros, con terrenos de Miguel Lopez y la otra de quince punto noventa y ocho (15.98) metros, con la antigua Carretera ciento setenta y uno (171); y por el OESTE, en diecinueve punto cincuenta y cuatro (19.54) metros con camino vecinal.---

---Consta inscrita al folio cincuenta y cuatro (54) del tomo ciento veinticinco (125) de Cidra, finca número cinco mil trescientos treinta y cinco (5,335), Registro de la Propiedad de Caguas, Sección II.---

---Según surge del estudio de título preparado por Hato Rey Title Insurance Agency, Inc. fechado el veintidós (22) de febrero de dos mil doce (2012), la propiedad se encuentra afecta a las siguientes cargas y gravámenes.---

---Afecta por su procedencia a: Libre de Cargas. ---

----Afecta por sí a: HIPOTECA en garantía de un pagaré por la suma de veinticinco mil ciento veintidós dólares con noventa y siete centavos ($25,122.97) a favor de La Cooperativa de Ahorro y Crédito Cidreña, o a su orden, intereses al diez por ciento (10%) anual, vencedero a la presentación, según escritura número noventa (90) otorgada en Cidra, el veintinueve (29) de julio de mil novecientos noventa y siete (1997), ante William Méndez Santos. Inscrita al folio cincuenta y ocho (58) del tomo ciento veinticinco (125) de Cidra, finca número cinco mil trescientos treinta y cinco (5,335), inscripción cuarta (4ta). Saldo a pendiente a su cancelación.---

---Afecta por sí a: HIPOTECA: En garantía de un pagaré por la suma de cuarenta mil dólares ($40,000.00) a favor de Caribbean Financial Services Corp. Haciendo negocios como Easy Money, o a su orden, intereses al ocho y un cuarto por ciento (8 1/4%) anual, vencedero el primero (1ro) de agosto de dos mil diecinueve (2019), según escritura número quince (15) otorgada en Caguas, el catorce (14) de julio de mil novecientos noventa y nueve (1999), ante el Notario Jesus Manuel Rosario Felix, inscrita al folio cincuenta y ocho (58) vuelto del tomo ciento veinticinco (125) de Cidra, finca número cinco mil trescientos treinta y cinco (5,335) inscripción quinta (5ta), cancelado mediante escritura número ciento noventa y seis (196) otorgada en San Juan, el siete (7) de abril de dos mil tres (2003), ante la Notario Tanyha Rodríguez Vázquez, presentado al asiento ciento tres (103) del diario quinientos sesenta y ocho (568) el veinticinco (25) de agosto de dos mil tres (2003). ---

---Afecta por sí a: HIPOTECA: En garantía de un pagaré por la suma de cuarenta y cinco mil dólares ($45,000.00) a favor de Firstbank Puerto Rico, o a su orden, intereses al siete y medio por ciento (7½%) anual, vencedero el primero (1ro) de abril de dos mil veintidós (2022), según escritura número ciento setenta y cinco (175) otorgada en San Juan, el veintiuno (21) de marzo de dos mil dos (2002), ante la Notario Tanyha Rodriguez Vázquez, inscrita al folio sesenta y cinco (65) del tomo trescientos ochenta y tres (383) de Cidra, finca número cinco mil trescientos treinta y cinco (5,335), inscripción sexta (6ta).---



---Afecta por sí a: HIPOTECA en garantía de un pagaré por la suma de cuarenta y cinco mil dólares ($45,000.00) a favor de Firstbank Puerto Rico, o a su orden, intereses al siete y medio por ciento (7½%) anual, vencedero el primero (1ro) de abril de dos mil veintidós (2022), según escritura número ciento noventa y cuatro (194) otorgada en Cayey, el dos (2) de abril de dos mil dos (2002), ante la Notario Tanyha Rodríguez Vázquez, inscrita al folio sesenta y cinco (65) del tomo trescientos ochenta y tres (383) de Cidra, finca número cinco mil trescientos treinta y cinco (5,335), inscripción séptima (7ma) y ultima.------------------------------

---PROPERTY LOCATED AT: "SR" ONE HUNDRED SEVENTY ONE (171), LA LINEA SECT., RINCON, CIDRA, PUERTO RICO ZERO ZERO SEVEN THREE NINE (00739).------------------------------

---TOGETHER WITHall the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."------------------------------

---*CONJUNTAMENTE CON todas las mejoras ahora existentes o que en el futuro se erijan sobre la propiedad, y todas las servidumbres, derechos, accesorios y bienes inmuebles por destino que ahora o en el futuro formen parte de la misma. Todos los reemplazos y añadiduras también estarán cubiertos por esta Hipoteca. Todo lo anterior se denomina en esta Hipoteca como la "Propiedad". ------------------------------*

------------------------------UNIFORM COVENANTS------------------------------

------------------------------*CONVENIOS UNIFORMES*------------------------------

---**FIFTH:** Borrower and Lender further covenant and agree as follows:------------------------------

---*QUINTA: El Deudor y el Acreedor Hipotecario además convienen y acuerdan lo siguiente:------------------------------*

**1. Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.------------------------------

*1. Pago del Principal y el Interés. El Deudor pagará a su vencimiento el principal y los intereses sobre la deuda evidenciada por el Pagaré. ------------------------------*

**2. Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.----------

*2. Pago de los Cargos de la Propiedad. El Deudor pagará todos los cargos de la propiedad que consten de impuestos, arrendamiento de terreno, primas del seguro contra inundaciones y riesgos, y gravámenes especiales en forma oportuna, y proveerá evidencia del pago al Acreedor Hipotecario, a menos que el Acreedor Hipotecario pague los cargos de la propiedad reteniendo fondos de los pagos mensuales adeudados al Deudor o cobrando dichos pagos a una línea de crédito conforme se dispuso en el Contrato de Préstamo.------------------------------*

**3. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.-----

*3. Seguro contra incendios, inundaciones y otros riesgos. El Deudor asegurará todas las mejoras a la Propiedad, existentes o que se puedan erigir allí en el futuro, contra cualquier riesgo, víctimas y eventualidades, incluyendo incendios. Este seguro se mantendrá en las cantidades, en la medida, y por los períodos requeridos por el Acreedor Hipotecario o el Secretario de Vivienda y Desarrollo Urbano ("Secretario"). El Deudor también asegurará todas las mejoras a la Propiedad, existentes o que se puedan erigir allí en el futuro, contra pérdida por inundaciones en la medida requerida por el Secretario. Todos los seguros deberán ser contratados en compañías aprobadas por el*

4

*Acreedor Hipotecario. Las pólizas del seguro y cualquier renovación serán retenidas por el Acreedor Hipotecario e incluirán cláusulas de pago de pérdidas a favor de, y en la forma aceptable por, el Acreedor Hipotecario. ------*

---In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender, instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Mortgage Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Second Mortgage Note and this Security Instrument shall be paid to the entity legally entitled thereto.----------

*---En caso de pérdida, el Deudor dará pronto aviso al Acreedor Hipotecario por correo. El Acreedor Hipotecario podrá someter la reclamación correspondiente si el Deudor no lo hace prontamente. Cada compañía de seguro pertinente por la presente está autorizada y tiene instrucción de realizar el pago por tal pérdida al Acreedor Hipotecario, en lugar de al Deudor y al Acreedor Hipotecario conjuntamente. Se aplicarán indemnizaciones de seguro a la restauración o reparación de la Propiedad dañada, si la restauración o reparación es económicamente viable y la garantía del Acreedor Hipotecario no se menoscaba. Si la restauración o reparación no es económicamente viable o la garantía del Acreedor Hipotecario se menoscabaría, la indemnización del seguro se aplicará primero a la reducción de cualquier deuda bajo un Segundo Pagaré Hipotecario y una Segunda Hipoteca retenidos por el Secretario sobre la Propiedad y luego a la reducción de la deuda bajo el Segundo Pagaré Hipotecario y esta Hipoteca. Cualquier indemnización del seguro que exceda una cantidad requerida para pagar toda la deuda pendiente bajo el Segundo Pagaré Hipotecario y esta Hipoteca, será pagada a la entidad legalmente autorizada al respecto. ------*

---In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.--------------

*---En caso de ejecución de esta Hipoteca u otra transferencia de título a la Propiedad que extinga la deuda, todo derecho, título e interés del Deudor a las pólizas del seguro vigentes pasarán al comprador. ------------*

4. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument and Borrower (or at least one Borrower, if initially more than one person are Borrowers) shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.------------

---Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.------------

4. *Ocupación, Conservación, Mantenimiento y Protección de la Propiedad; Solicitud de Préstamo del Deudor; Derecho de Arrendamiento. El Deudor ocupará, establecerá y usará la Propiedad como su residencia principal después del otorgamiento de esta Hipoteca y continuará ocupando la Propiedad como su residencia principal (o al menos un Deudor, si inicialmente son más de uno los Deudores) por el plazo de la Hipoteca. "Residencia principal" tendrá el mismo significado que en el Contrato de Préstamo. ------*

*---El Deudor no desmerecerá, destruirá, dañará o cambiará sustancialmente la Propiedad ni permitirá que la Propiedad se deteriore, a excepción del uso y desgaste razonables. El Deudor también estará en incumplimiento si, durante el proceso de solicitud del préstamo, dio al Acreedor Hipotecario información o declaraciones materialmente falsas o engañosas (o no proveyó información material al Acreedor Hipotecario) respecto al préstamo evidenciado por el Pagaré, incluyendo sin restricción, representaciones sobre*



la ocupación de la Propiedad por el Deudor como su residencia principal. Si esta Hipoteca es sobre un bien arrendado, el Deudor cumplirá con todas las disposiciones del contrato de arrendamiento. Si el Deudor adquiere título de dominio sobre la Propiedad, no operará la fusión de derechos entre el arrendamiento y el título de dominio a menos que el Acreedor Hipotecario dé su consentimiento por escrito.----------

**5. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph Twelve (c) [12(c)].------------

---If Borrower fails to make these payments or the property charges required by Paragraph Two (2), or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph Two (2).-------------

---To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium ("MIP") as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities ("Servicing Fee") as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph are obligatory and shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument. The amounts shall bear interest from the date of disbursement.-------

*5. Cargos al Deudor y Protección de los Derechos del Acreedor Hipotecario sobre la Propiedad. El Deudor pagará todos los cargos gubernamentales o municipales, multas e imposiciones que no estén incluidos en el Párrafo dos (2). El Deudor pagará estas obligaciones en forma oportuna y directamente a la entidad a quien le debe el pago. Si la falta de pago perjudicara el interés del Acreedor Hipotecario sobre la Propiedad, a pedido del Acreedor Hipotecario, el Deudor le entregará rápidamente al Acreedor Hipotecario los recibos que evidencien estos pagos. El Deudor cancelará brevemente los gravámenes que tengan prioridad sobre esta Hipoteca en la manera dispuesta en el Párrafo doce (c) [12(c)].------------*



*---Si el Deudor no realiza estos pagos o los cargos de la propiedad requeridos por el Párrafo dos (2), o si no realiza cualquier otro convenio y acuerdo contenidos en esta Hipoteca, o si existiese un procedimiento legal que pudiera afectar significativamente los derechos del Acreedor Hipotecario sobre la Propiedad (tales como un procedimiento de bancarrota, por expropiación o para hacer cumplir leyes o disposiciones), el Acreedor Hipotecario podrá hacer y pagar lo que sea necesario para proteger el valor de la Propiedad y los derechos del Acreedor Hipotecario en la Propiedad, incluyendo el pago de impuestos, seguro contra riesgos y otros puntos mencionados en el Párrafo dos (2). ------------*

*---A fin de proteger la seguridad del Acreedor Hipotecario en la Propiedad, el Acreedor Hipotecario adelantará y cobrará al Deudor todas las cantidades adeudadas al Secretario por la Prima del Seguro Hipotecario ("MIP", por sus siglas en inglés) conforme se define en el Contrato de Préstamo, así como todas las sumas adeudadas a el administrador del préstamo por las actividades administrativas ("Honorario administrativo") conforme se define en el Contrato de Préstamo. Toda cantidad desembolsada por el Acreedor Hipotecario bajo este Párrafo es obligatoria y se volverá una deuda adicional del Deudor conforme se dispone en el Contrato de Préstamo, y estará garantizada por esta Hipoteca. Las cantidades devengarán intereses a partir de la fecha del desembolso.--------------*

**6. Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the Property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.------------

*6. Inspección. El Acreedor Hipotecario o sus agentes podrán ingresar, inspeccionar o evaluar la Propiedad en forma razonable y en momentos razonables siempre que el Acreedor Hipotecario de al Deudor aviso previo al momento de la inspección o evaluación especificando el propósito de la inspección o evaluación, que deberá relacionarse con el interés del Acreedor Hipotecario en la Propiedad. Si la Propiedad*

está vacante o abandonada, o si el préstamo está en incumplimiento, el Acreedor Hipotecario podrá tomar medidas razonables para proteger y preservar dicha Propiedad vacante o abandonada sin dar aviso al Deudor. ------------------------------------------------

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation, or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under the Second Note and Second Security Instrument held by the Secretary on the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.-------------------

*7. Expropiación. Se le pagará al Acreedor Hipotecario todo producto de cualquier adjudicación o reclamación por daños, directos o consecuenciales, con relación a una expropiación o cualquier otro apoderamiento de cualquier parte de la Propiedad, o por entrega de la Propiedad en lugar de expropiación. El producto se aplicará primero a la reducción de cualquier deuda bajo un Segundo Pagaré y una Segunda Hipoteca retenidos por el Secretario sobre la Propiedad y luego a la reducción de la deuda bajo el Pagaré y esta Hipoteca. Cualquier producto que exceda una cantidad requerida para pagar toda la deuda pendiente bajo el Pagaré y esta Hipoteca, será pagada a la entidad legalmente autorizada al respecto. ------------------------------------------------------*

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.-----------------

*8. Honorarios. El Acreedor Hipotecario podrá cobrar honorarios y cargos autorizados por el Secretario. ------------------------------------------------------------------------*

**9. Grounds for Acceleration of Debt.**-----------------------------------------------------------
---- (a) **Due and Payable.** Lender may require immediate payment in full of all sums secured by this Security Instrument if:------------------------------------------------------------
--------- (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or---------------------------------------------------------------------------
--------- (ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains (a) title to the Property in fee simple, (b) a leasehold under a lease for not less than ninety nine (99) years which is renewable or a lease having a remaining period of not less than fifty (50) years beyond the date of the one hundredth (100ᵗʰ) birthday of the youngest Borrower, or (c) a life estate in the Property, (or retains a beneficial interest in a trust with such an interest in the Property).-----------------------------



*9. Fundamentos para Acelerar la Deuda. ----------------------------------------------------*
*------ (a) Vencida y Pagadera. El Acreedor Hipotecario podrá requerir el pago total inmediato de todas las sumas garantizadas por esta Hipoteca si:-------------------------------*
*--------- (i) Un Deudor muere y la Propiedad no es la residencia principal de al menos un Deudor sobreviviente; o--------------------------------------------------------------------------*
*--------- (ii) Todo el título de la Propiedad del Deudor (o su interés beneficiario en un fideicomiso por la totalidad o parte de la Propiedad) se vende o de otro modo se transfiere y ningún otro Deudor retiene (a) título de la Propiedad en pleno dominio, (b) un arrendamiento por no menos de noventa y nueve (99) años que sea renovable o un arrendamiento que tenga un período restante de no menos de cincuenta (50) años más allá de la fecha del cien avo (100º) cumpleaños del Deudor más joven, o (c) un usufructo vitalicio en la Propiedad, (o retiene un interés beneficiario en un fideicomiso con tal interés en la Propiedad). ----------------------------------------------------------------------*

------ (b) **Due and Payable with Secretary Approval.** Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval by an authorized representative of the Secretary, if:-----------------------------------------------------
--------- (i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or--------------------------------------------------------------------------------------
--------- (ii) For a period of longer than twelve (12) consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or----------------------------------
---------(iii) An obligation of the Borrower under this Security Instrument is not performed.----------------------------------------------------------------------------------------

------ (b) *Vencida y Pagadera con la Aprobación del Secretario. El Acreedor Hipotecario podrá requerir el pago total inmediato de todas las sumas garantizadas por esta Hipoteca, con la aprobación por parte de un representante autorizado del Secretario, si:--*
*--------- (i) La Propiedad deja de ser la residencia principal de un Deudor por razones que no sean la muerte y la Propiedad no es la residencia principal de al menos otro Deudor; o---------------------------------------------------------------------------------------------*
*--------- (ii) Por un período de más de doce (12) meses consecutivos, un Deudor no ocupa*

físicamente la Propiedad debido a una enfermedad física o mental y la Propiedad no es la residencia principal de al menos otro Deudor; o------------------------------------------------------------
-------- (iii) No se realiza una obligación del Deudor bajo esta Hipoteca. -------------------

-------(c) **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in Paragraph 9(a)(ii) and (b) occur.------------------------------------------------------------

-------(c) *Notificación al Acreedor Hipotecario. El Deudor notificará al Acreedor Hipotecario siempre que ocurra cualquiera de los acontecimientos mencionados en el Párrafo 9(a)(ii) y (b).*------------------------------------------------------------

-------(d) **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9(a)(ii) and (b). Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:------------------------------------------------------------
--------------(i) Correct the matter which resulted in the Security Instrument coming due and payable; or------------------------------------------------------------
--------------(ii) Pay the balance in full; or------------------------------------------------------------
--------------(iii) Sell the Property for the lesser of the balance or ninety five percent (95%) of the appraised value and apply the net proceeds of the sale toward the balance; or------------------------------------------------------------
--------------(iv) Provide the Lender with a deed in lieu of foreclosure.------------------

-------(d) *Notificación al Secretario y al Deudor. El Acreedor Hipotecario notificará al Secretario y al Deudor siempre que el préstamo venza y se vuelva pagadero bajo el Párrafo 9(a)(ii) y (b). El Acreedor Hipotecario no tendrá derecho a comenzar la expropiación hasta que el Deudor haya tenido treinta (30) días luego de la notificación para:*------------------------------------------------------------
--------------*(i) Corregir el asunto que ocasionó que la Hipoteca venciera y se volviera pagadera; o*------------------------------------------------------------
--------------*(ii) Pagar el balance total; o*------------------------------------------------------------
--------------*(iii) Vender la Propiedad por el balance o el noventa y cinco porciento (95%) del valor tasado -el que sea menor- y aplicar el producto neto de la venta al balance; o*------------------------------------------------------------
--------------*(iv) Proporcionar al Acreedor Hipotecario una escritura en lugar de la expropiación.*------------------------------------------------------------

-------(e) **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.------------------------------------------------------------

-------(e) *Fideicomisos. El traspaso del interés de un Deudor en la Propiedad a un fideicomiso que cumpla con los requisitos del Secretario, o el traspaso del interés de un fideicomiso en la Propiedad a un Deudor, no será considerado un traspaso a efectos de este Párrafo 9. Un fideicomiso no será considerado un ocupante ni se considerará que tiene residencia principal a efectos de este Párrafo 9.*------------------------------------------------------------

-------(f) **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within eight (8) months from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to eight (8) months from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.------------------------------------------------------------

-------(f) *Hipoteca No Asegurada. El Deudor acuerda que en caso de que esta Hipoteca y el Pagaré no califiquen para un seguro bajo la Ley Nacional de Vivienda dentro de los ocho (8) meses a partir de la fecha del presente, el Acreedor Hipotecario podrá, a su criterio, requerir el pago total inmediato de todas las sumas garantizadas por esta hipoteca. Una declaración escrita de cualquier agente autorizado del Secretario con fecha subsiguiente a los ocho (8) meses posteriores a la fecha de la presente, en la que se niegue a asegurar esta Hipoteca y el Pagaré, será considerada prueba concluyente de dicha inhabilitación. Sin perjuicio de lo anterior, esta opción no podrá ser ejercida por el Acreedor Hipotecario cuando la falta de disponibilidad del seguro se deba solamente al incumplimiento del Acreedor Hipotecario en el envío de una prima del seguro hipotecario al Secretario.*------------------------------------------------------------

**10. No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment

against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.————————————————————————————————————————————————

*10. Sin Fallos De Deficiencia. El Deudor no tendrá ninguna responsabilidad personal por el pago de la deuda garantizada por esta Hipoteca. El Acreedor Hipotecario podrá hacer cumplir la deuda sólo a través de la venta de la Propiedad. El Acreedor Hipotecario no tendrá permitido obtener un fallo de deficiencia contra el Deudor si se ejecuta la Hipoteca. Si se cede esta Hipoteca al Secretario a pedido de este, el Deudor no será responsable de ninguna diferencia entre los beneficios del seguro hipotecario pagados al Acreedor Hipotecario y la deuda impaga, incluyendo los intereses acumulados, adeudados por el Deudor al momento de la cesión. ———————————————*

**11. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. Foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with a foreclosure proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two (2) years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.—————————————————————————————

*11. Reinstalación. El Deudor tiene derecho a recibir una reinstalación si el Acreedor Hipotecario ha requerido el pago total inmediato. Este derecho se aplica incluso luego de iniciados los procedimientos de ejecución. Para reinstalar esta Hipoteca, el Deudor corregirá la condición que ocasionó el requerimiento del pago total inmediato. Los costos de la ejecución y los honorarios razonables y habituales de los abogados y los gastos debidamente asociados con los procedimientos de ejecución se sumarán al balance del principal. Con la reinstalación por parte del Deudor, esta Hipoteca y las obligaciones que garantiza permanecerán vigentes como si el Acreedor Hipotecario no hubiese requerido el pago total inmediato. Sin embargo, el Acreedor Hipotecario no está obligado a permitir la reinstalación si: (i) el Acreedor Hipotecario ha aceptado la reinstalación luego del comienzo de los procedimientos de ejecución dentro de los dos (2) años inmediatamente previos al comienzo de un procedimiento de ejecución actual, (ii) la reinstalación impedirá la ejecución sobre diferentes fundamentos en el futuro, o (iii) la reinstalación perjudicará la prioridad de la Hipoteca. ————————————————————*

**12. Lien Status.**————————————————————————————————————————————



————(a) **Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the Property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the priority of the lien status of future loan advances. Borrower agrees to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.————————————

————(b) **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.————————————————————————————————————————————
————(c) **Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain

priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.----------------------------------------------------------------

*12. Estatus del Gravamen.* ----------------------------------------------------------------------------------

-------(a) *Modificación. El Deudor acuerda extender esta Hipoteca de acuerdo a este Párrafo 12(a). Si el Acreedor Hipotecario determina que el estatus del gravamen original de la Hipoteca está en riesgo bajo la ley estatal (incluyendo sin restricción las situaciones en las que la cantidad garantizada por la Hipoteca equivalga o supere la cantidad máxima establecida del principal, o haya vencido el periodo máximo bajo el cual los adelantos de préstamo retienen la misma prioridad del gravamen inicialmente otorgado a los adelantos de préstamo) y la ley estatal permite que se mantenga el estatus del gravamen original para futuros adelantos de préstamo a través de la ejecución y el registro de uno o más documentos, el Acreedor Hipotecario obtendrá la evidencia del título por cuenta del Deudor. Si la evidencia del título indica que la Propiedad está libre de cargos y gravámenes (salvo por esta Hipoteca, la Segunda Hipoteca descrita en el Párrafo 13(a) y cualquier gravamen subordinado que el Acreedor Hipotecario determine que también estará subordinado a cualquier adelanto de préstamo futuro), el Acreedor Hipotecario requerirá al Deudor que ejecute cualquier documento necesario para proteger la prioridad del estatus del gravamen de futuros adelantos de préstamo. El Deudor acuerda ejecutar tales documentos. Si la ley estatal no permite que el estatus del gravamen original se extienda a futuros adelantos de préstamo, se considerará que el Deudor ha incurrido en incumplimiento de una obligación bajo esta Hipoteca.* --------------

-------(b) *Programas de Aplazamiento Impositivo. El Deudor no participará en un programa de aplazamiento impositivo de la propiedad inmueble, si alguno de los gravámenes creados por el aplazamiento impositivo no está subordinado a esta Hipoteca.-*

-------- (c) *Gravámenes Previos. El Deudor cancelará rápidamente cualquier gravamen que tenga prioridad sobre esta Hipoteca a menos que el Deudor: (a) acuerde por escrito el pago de la obligación garantizada por el gravamen de manera aceptable para el Acreedor Hipotecario; (b) impugne de buena fe el gravamen o defienda contra su ejecución mediante procesos legales que, en la opinión del Acreedor Hipotecario, impidan la ejecución del gravamen o la confiscación de cualquier parte de la propiedad; o (c) obtenga del tenedor del gravamen un acuerdo satisfactorio al Acreedor Hipotecario postergando el gravamen a todas las cantidades garantizadas por esta Hipoteca. Si el Acreedor Hipotecario determina que alguna parte de la Propiedad está sujeta a un gravamen que podría obtener prioridad sobre esta Hipoteca, el Acreedor Hipotecario podrá darle al Deudor una notificación que identifique el gravamen. El Deudor satisfará el gravamen o tomará una o más de las medidas antes dispuestas dentro de los diez (10) de la entrega de la notificación.* ------------------------------------------

**13. Relationship to Second Security Instrument.**-----------------------------------------------------
-------(a) **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and a Second Security Instrument on the Property.-----------------------------

-------(b) **Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note unless:----------------------------
--------------(i) This Security Instrument is assigned to the Secretary; or----------------------
--------------(ii) The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.--------------------------------------------------------------------------------------

—If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the Note.--------------------------------------------------------------------

-------(c) **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:-------------------------------------------------------------------------------------------------------
--------------(i) Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note; or-----------------------------------------------------------------------
--------------(ii) Be obligated to pay interest or shared appreciation under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.----------------

-------(d) **No Duty of the Secretary.** The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.-----------------------------------------------------------------



**13. Relación con la Segunda Hipoteca.**————————————————
————*(a) Segunda Hipoteca. A fin de garantizar los pagos que el Secretario pudiera realizar al Deudor o en nombre de él conforme a la Sección 255(i)(1)(A) de la Ley Nacional de Vivienda y el Contrato de Préstamo, el Secretario ha requerido al Deudor que ejecute un Segundo Pagaré y una Segunda Hipoteca sobre la Propiedad.*————

————*(b) Relación de la Primera y la Segunda Hipoteca. Los pagos efectuados por el Secretario no deberán incluirse en la deuda bajo el Pagaré a menos que:*————————
————————*(i) Esta Hipoteca sea cedida al Secretario; o*————————————
————————*(ii) El Secretario acepte reembolsos por parte del Acreedor Hipotecario para todos los pagos efectuados por el Secretario.*————————————————

—*Si las circunstancias descritas en (i) o (ii) ocurren, todos los pagos efectuados por el Secretario, incluyendo el interés sobre los pagos; pero excluyendo los cargos por demora pagados por el Secretario, deberán estar incluidos en la deuda bajo el Pagaré.*————

————*(c) Efecto en el Deudor. Cuando no exista cesión o reembolso como se describe en (b)(i) o (ii), y el Secretario efectúe pagos al Deudor, el Deudor:*————————
————————*(i) No estará obligado a pagar las cantidades adeudadas bajo este Pagaré, o a pagar las rentas e ingresos de la Propiedad bajo el Párrafo 19 al Acreedor Hipotecario o al síndico de la Propiedad, hasta que el Secretario haya requerido el pago total de todo el principal adeudado e interés acumulado bajo el Segundo Pagaré; o*————————————————————————————————
————————*(ii) No estará obligado a pagar intereses o apreciación compartida bajo el Pagaré en cualquier momento, hayan sido acumulados antes o después de los pagos efectuados por el Secretario, y se haya incluido o no el interés acumulado en el balance del principal del Pagaré.*————

————*(d) No Deber del Secretario. El Secretario no tiene el deber ante el Acreedor Hipotecario de hacer cumplir los convenios de la Segunda Hipoteca o de tomar medidas para preservar el valor de la Propiedad, incluso cuando el Acreedor Hipotecario no pueda cobrar las cantidades adeudadas bajo el Pagaré debido a las restricciones en este Párrafo 13.*————

**14. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of, or preclude the exercise of, any right or remedy.————

**14. Indulgencia del Acreedor Hipotecario No es Renuncia.** *Cualquier indulgencia por parte del Acreedor Hipotecario en ejercicio de cualquier derecho o recurso no se considerará como renuncia ni impedirá el ejercicio de cualquier derecho o remedio.*————

**15. Successors and Assigns Bound; Joint and Several Liability.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.————

**15. Límite de Sucesores y Cesionarios; Responsabilidad Solidaria.** *Los convenios y acuerdos de esta Hipoteca obligarán y beneficiarán a los sucesores y cesionarios del Acreedor Hipotecario. El Deudor no podrá ceder ningún derecho u obligaciones bajo esta Hipoteca o bajo este Pagaré, excepto a un fideicomiso que cumpla con los requisitos del Secretario. Los convenios y acuerdos del Deudor serán solidarios.*————

**16. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.————

**16. Notificaciones.** *Cualquier notificación al Deudor dispuesta en esta Hipoteca será dada por entrega o correo de primera clase a menos que la ley aplicable requiera el uso de otro método. La notificación estará dirigida a la Dirección de la Propiedad o a cualquier otra dirección que designen todos los Deudores conjuntamente. Cualquier notificación al Acreedor Hipotecario será entregada por correo de primera clase a la dirección del Acreedor Hipotecario indicada en este documento o a cualquier dirección que el Acreedor Hipotecario designe por notificación al Deudor. Cualquier notificación dispuesta en esta Hipoteca se considerará entregada al Deudor o al Acreedor Hipotecario cuando se haya entregado como se dispone en este Párrafo 16.*————

**17. Governing Law; Severability.** This Security Instrument shall be governed by



Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.————————

*17. Ley Aplicable; Separabilidad. Esta Hipoteca se regirá por la ley Federal y la ley de la jurisdicción en la cual la Propiedad se encuentra ubicada. Si alguna disposición o cláusula de esta Hipoteca o el Pagaré choca con La Ley Aplicable, tal conflicto no afectará otras disposiciones de esta Hipoteca o del Pagaré que puedan hacerse valer sin la disposición conflictiva. Para este fin las disposiciones de esta Hipoteca y el Pagaré se declaran divisibles.————————*

**18. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and this Security Instrument.————————

*18. Copia del Deudor. El Deudor recibirá una copia conformada del Pagaré y de esta Hipoteca.————————*

————————NON-UNIFORM COVENANTS————————

————————*CONVENIOS NO UNIFORMES*————————

—SIXTH. Borrower and Lender further covenant and agree as follows:————————

—*SEXTA: El Deudor y el Acreedor Hipotecario además convienen y acuerdan lo siguiente:*————————

**19. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.————————



—If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.————————

—Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19.————————

—Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.————————

*19. Cesión de Rentas. El Deudor incondicionalmente cede y traspasa al Acreedor Hipotecario todas las rentas e ingresos de la Propiedad. El Deudor autoriza al Acreedor Hipotecario o a los agentes del Acreedor Hipotecario a cobrar las rentas e ingresos e instruye a cada arrendatario de la Propiedad a pagar las rentas al Acreedor Hipotecario o a los agentes del Acreedor Hipotecario. Sin embargo, antes de la notificación del Acreedor Hipotecario al Deudor sobre el incumplimiento de cualquier convenio o acuerdo en la Hipoteca, el Deudor cobrará y recibirá todas las rentas e ingresos de la Propiedad como fiduciario en beneficio del Acreedor Hipotecario y el Deudor. Esta cesión de rentas constituye una cesión absoluta y no una cesión para garantía adicional solamente. ————*

*—Si el Acreedor Hipotecario notifica al Deudor sobre el incumplimiento: (a) todas las rentas recibidas por el Deudor serán retenidas por el Deudor como fiduciario en beneficio del Acreedor Hipotecario solamente, a aplicar a las sumas garantizadas por esta Hipoteca; (b) el Acreedor Hipotecario tendrá derecho a cobrar y recibir todas las rentas de la Propiedad; y (c) cada arrendatario de la Propiedad pagará todas las rentas adeudadas e impagas al Acreedor Hipotecario o al agente del Acreedor Hipotecario cuando este se lo demande por escrito al arrendatario.————————*
*—El Deudor no ha otorgado ninguna cesión previa de rentas y no ha realizado ni realizará ningún acto que impediría que el Acreedor Hipotecario ejerza sus derechos bajo este Párrafo 19.————————*

---*El Acreedor Hipotecario no estará obligado a entrar, tomar control o mantener la Propiedad antes o después de notificar sobre el incumplimiento al Deudor. No obstante, el Acreedor Hipotecario o una persona designada judicialmente para recibirla podrán hacerlo cuando se produzca cualquier incumplimiento. Cualquier aplicación de rentas no subsanará ni cancelará ningún incumplimiento ni invalidará ningún otro derecho o recurso del Acreedor Hipotecario. Esta cesión de rentas de la Propiedad concluirá cuando la deuda garantizada por esta Hipoteca se pague por completo. ---------------*

20. Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorney's fees, costs of documentary evidence, abstracts and title reports.---------------

*20. Procedimiento de Ejecución. Si el Acreedor Hipotecario requiere el pago total inmediato bajo el Párrafo 9, el Acreedor Hipotecario podrá ejecutar esta Hipoteca mediante un procedimiento judicial. El Acreedor Hipotecario tendrá derecho a cobrar en tal procedimiento todos los gastos de ejecución, incluyendo, sin limitación, honorarios de abogados, el costo de evidencia documentaria, informes y estudios de título. ---------------*

**21. Lien Priority.** The full amount secured by this Security Instrument shall have the same priority over any other liens on the Property as if the full amount had been disbursed on the date the initial disbursement was made, regardless of the actual date of any disbursement. The amount secured by this Security Instrument shall include all direct payments by Lender to Borrower and all other loan advances permitted by this Security Instrument for any purpose. This lien priority shall apply notwithstanding any State constitution, law or regulation, except that this lien priority shall not affect the priority of any liens for unpaid State or local governmental unit special assessments or taxes.---------

*21. Prioridad del Gravamen. La cantidad total garantizada por esta Hipoteca tendrá la misma prioridad respecto de cualquier otro gravamen de la Propiedad que si la cantidad total se hubiese desembolsado en la fecha en la que se efectuó el desembolso inicial, sin importar la fecha real de cualquier desembolso. La cantidad garantizada por esta Hipoteca incluirá todos los pagos directos efectuados por el Acreedor Hipotecario al Deudor y todos los otros adelantos de préstamo permitidos por esta Hipoteca con cualquier propósito. Esta prioridad del gravamen se aplicará a pesar de lo indicado en cualquier constitución, ley o disposición estatal, pero no afectará la prioridad de ningún gravamen por contribuciones o impuestos especiales impagos de la unidad estatal o del gobierno local.---------------*

22. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release and cancel this Security Instrument at Borrower's expense, or, at Borrower's option, endorse the Note "for cancellation only". Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.---------------

*22. Liberación. Al pago de todas las cantidades garantizadas por esta Hipoteca, el Acreedor Hipotecario liberará y cancelará esta Hipoteca a costo del Deudor, o, a opción del Deudor, endosará el Pagaré "para cancelación solamente". El Acreedor Hipotecario podrá cobrar al Deudor un cargo por liberar esta Hipoteca, pero solamente si el cargo se paga a una tercera persona por servicios prestados y la Ley Aplicable permite dicho cargo.---------------*

**23. Waiver of Homestead Rights.** Borrower hereby waives in favor of the Lender, to the fullest extent allowed by Applicable Law, all homestead and similar rights conferred upon Borrower by any Applicable Law, including, without limitation, the provisions of the Puerto Rico Ley de Hogar Seguro, Puerto Rico Laws Annotated, title 31, sections 1851 to 1857.---------------

*23. Renuncia a los Derechos de Hogar Seguro. El Deudor por la presente renuncia a favor del Acreedor Hipotecario, al mayor grado permitido por la Ley Aplicable, todo derecho de hogar seguro y derechos similares conferidos al Deudor por cualquier Ley Aplicable, incluyendo pero sin limitación, a las disposiciones de la Ley de Hogar Seguro de Puerto Rico, Leyes de Puerto Rico Anotadas, título 31, secciones 1851 a 1857.---------------*

24. Obligatory Loan Advances. Lender's responsibility to make Loan Advances under the terms of the Loan Agreement, including Loan Advances of principal to Borrower as well as Loan Advances for interest, MIP, Servicing Fees, and other charges shall be obligatory.---------------

*24. Adelantos de Préstamo Obligatorios. La responsabilidad del Acreedor Hipotecario de*



*realizar Adelantos de Préstamo bajo los términos del Contrato de Préstamo, incluyendo Adelantos de Préstamo del principal al Deudor así como Adelantos de Préstamo por intereses, MIP, Honorarios Administrativos, y otros cargos será obligatoria.*

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

*25. Cláusulas Adicionales a esta Hipoteca. Si el Deudor ejecuta una o más cláusulas adicionales y las registra junto con esta Hipoteca, los convenios de cada una de ellas se incorporarán y enmendarán y complementarán los convenios y acuerdos de esta Hipoteca como si la(s) cláusula(s) adicional(es) fuese(n) parte de esta Hipoteca.*

---**SEVENTH. Lowest Bid.** Pursuant to the provisions of this Security Instrument and the Mortgage and Property Registry Act of Puerto Rico, Borrower and Lender value the Property at an amount equal to the appraised value of the Property at loan origination, which value shall serve as lowest bid at the first auction in the event of foreclosure.

---*SÉPTIMA. Tipo Mínimo. De conformidad con las disposiciones de esta Hipoteca y la Ley Hipotecaria y del Registro de la Propiedad de Puerto Rico, el Deudor y el Acreedor Hipotecario valoran la Propiedad en una cantidad igual a la suma valorada del principal del Pagaré garantizado por esta Hipoteca, cuyo valor servirá como tipo mínimo en la primera subasta en el caso de ejecución.*

---**EIGHTH. Recording in the Registry of Property.** Borrower expressly agrees with lender that in the event that it is not possible to record this Security Instrument as a first mortgage lien, for any reason whatsoever, in the corresponding Section o the Registry of Property s a senior lien over anyand every other lien and without defects of any kind, within a period not to exceed sixty (60) days from the execution of this Security Instrument, the debt shall become totally due and Lender may proceed with its judicial collection.

---*OCTAVA. Inscripción en el Registro de la Propiedad. El Deudor acuerda expresamente con el Acreedor Hipotecario que en caso de que no sea posible registrar esta Hipoteca como primer gravamen hipotecario, por cualquier razón, en la Sección correspondiente del Registro de la Propiedad como gravamen prioritario sobre cualquier otro gravamen y sin defectos de ningún tipo, dentro de un período que noexceda los sesenta (60) días de la ejecución de esta Hipoteca, la deuda vencerá totalmente y el Acreedor Hipotecario podrá proceder con su cobranza judicial.*

---**NINETH. Security Instrument and Note; Interpretation.** The Security Instrument and the Note have been originally drafted in English ad the interpretation of their text in this language shall prevail over its Spanish translation.

---*NOVENA. Hipoteca y Pagaré; Interpretación. La Hipoteca y el Pagaré han sido originalmente creados en inglés, y la interpretación de su texto en este idioma prevalecerá sobre su traducción al español.*

---**TENTH.** Borrower: The Borrower is (are): ------------------------------------

---**ASUNCION OLMEDA MARTINEZ,** also known as ASUNCION OLMEDA --------------------------------------------
-----------------------------------------------------
of legal age, unmarried, retired, and resident of Cidra, Puerto Rico, represented by his true attorney in fact FRANCISCO RODRIGUEZ OLMEDA, of legal age, unmarried, policeman and resident of San Juan, Puerto Rico, as stated on deed number forty (40) of Special Power of Attorney, executed in Cayey, Puerto Rico, on March First (1st), Two Thousand Twelve (2012), before Notary Public Lizbet Aviles Vega; who are personally known to me.-------------------------------------

----*DÉCIMA. Deudor: El Deudor es (son)-----------------------------*

--- ASUNCION OLMEDA MARTINEZ, *también conocida como* ASUNCION OLMEDA -----------------------------------
-----------------------------------------------------
*mayor de edad, soltera, retirada y residente de Cidra, Puerto Rico; representada por su legítimo apoderado FRANCISCO RODRIGUEZ OLMEDA, mayor de edad, soltero, policía y residente de San Juan, Puerto*



*Rico, según escritura número cuarenta (40) sobre Poder Especial, otorgada en Cayey, Puerto Rico, el primero (1ro) de marzo de dos mil doce (2012) ante la Notario Lizbet Aviles Vega, a quienes conozco personalmente, a quienes conozco personalmente.--------------------------------*

---ELEVENTH. Lender: The Lender is --------------------------------------------------------

--- **THE MONEY HOUSE, INC.**, a banking corporation organized and existing in accordance with the laws of the Commonwealth of Puerto Rico, with principal offices in San Juan, Puerto Rico, represented in this act by: **DAMARIS SOTO ARROYO**, of legal age, married, executive and resident of Toa Baja, Puerto Rico, and who faculty arises from Certificate of Corporate Resolution dated May Twenty Four (24), Two Thousand Ten (2010), sworn and subscribed before Notary Public Dinorah Collazo Ortiz, affidavit number one hundred forty nine (149), who is personally to me known; or its successors and assigns.------------------------------------------------------------------------------------

---*UNDÉCIMA. Acreedor Hipotecario: El Acreedor Hipotecario es (son):----------------*

--- *THE MONEY HOUSE, INC., una corporación bancaria, organizada y existente de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, con oficina principal en San Juan, Puerto Rico, representada en este acto por DAMARIS SOTO ARROYO, mayor de edad, casada, ejecutiva y vecina de Toa Baja, Puerto Rico, cuya facultad para este otorgamiento surge de un Certificado de Resolución Corporativa, fechado veinticuatro (24) de mayo de dos mil diez (2010) jurada y suscrita ante la Notario Público Dinorah Collazo Ortiz, bajo el testimonio número ciento cuarenta y nueve (149), a quién Yo, el Notario conozco personalmente; o sus sucesores o cesionarios.---------------------*

--- Lender's address is: "52 Paseo Covadonga, Puerta de Tierra, San Juan, Puerto Rico 00901"; or such other address as Lender may indicate in writing.-----------------------------

--- *La dirección del Acreedor Hipotecario es: "52 Paseo Covadonga, Puerta de Tierra, San Juan, Puerto Rico 00901"; u otra dirección que el Acreedor Hipotecario indique por escrito.----------------------------------------------------------------------------------------------*

---**TWELFTH. Waiver of Homestead Rights.** Borrower hereby waives in favor of the Lender, to the fullest extent allowed by Applicable Law, all homestead and similar rights conferred upon Borrower by any Applicable Law, including, without limitation, the provisions of the Puerto Rico Ley de Hogar Seguro, Puerto Rico Laws Annotated, title 31, sections 1851 to 1857.--------------------------------------------------------------------------

---*DUODÉCIMA. Renuncia a los Derechos de Hogar Seguro. El Deudor por la presente renuncia a favor del Acreedor Hipotecario, al mayor grado permitido por la Ley Aplicable, todo derecho de hogar seguro y derechos similares conferidos al Deudor por cualquier Ley Aplicable, incluyendo pero sin limitación, a las disposiciones de la Ley de Hogar Seguro de Puerto Rico, Leyes de Puerto Rico Anotadas, título 31, secciones 1851 a 1857.---------------------------------------------------------------------------------------------*



---------------------------------------WARNINGS--------------------------------------

-----The Notary Public certifies that he or she has advised the Lender and the Borrower that, if the Property is subject to one or more liens that enjoy prior rank over this Security Instrument, the Lender will retain from the proceeds of the Loan a sum sufficient to pay and cancel said liens. The Lender, by the disbursal of funds evidenced by the Note, has agreed to remit payment thereof to the holders of such liens within five (5) working days following the execution of this Security Instrument, in order to secure the cancellation of such liens; although there is no absolute guaranty that said cancellation will be performed. The Borrower has the right to require that such liens be cancelled concurrently with the execution of this Security Instrument, but is advised that, as in most cases, promissory notes secured by mortgages may not be available for cancellation at this time. These warnings having been made, the Borrower hereby waives the right to require that said liens be cancelled concurrently with the execution of this Security Instrument. -------------

-----If the Borrower has the right under Applicable Law to rescind this transaction, then the Lender will not disburse any of the proceeds of the Loan until the rescission period has expired, or until the Borrower waives said rescission right as provided by Applicable Law.-----------------------------------------------------------------

----The appearing parties have been advised that the Home Equity Convertion Mortgage (HECM) may become due and payable upon the death, or change of primary resident of the spouse who is currently on the title for the property or is the sole owner of the property described in paragraph fourth of this security instrument.-----------------------

---------------------------------------ADVERTENCIAS---------------------------------------

--- El Notario Público certifica que ha advertido al Acreedor Hipotecario y al Deudor que de estar la Propiedad afecta a uno o más gravámenes de rango superior a esta Hipoteca, el Acreedor Hipotecario retendrá del producto del Préstamo la suma suficiente para cancelarlos. El Acreedor Hipotecario, mediante el desembolso de los fondos evidenciados por el Pagaré, ha acordado remitir pago de los mismos a los tenedores de dichos gravámenes dentro de cinco (5) días laborables luego del otorgamiento de esta Hipoteca, con el fin de asegurarse de la cancelación de los mismos; no obstante, no hay garantía absoluta que se lleve a cabo dicha cancelación. El Deudor tiene derecho a requerir que se cancelen dichos gravámenes concurrentemente con la constitución de esta Hipoteca, pero se le advierte que, como en la mayoría de los casos, los pagarés garantizados por hipotecas pueden no estar disponibles para cancelación en este momento. Habiéndose hecho estas advertencias, el Deudor por la presente renuncia a su derecho de requerir que dichos gravámenes se cancelen concurrentemente con la constitución de esta Hipoteca. -------------------

---Si la Ley Aplicable concede al Deudor el derecho a rescindir esta transacción, entonces el Acreedor Hipotecario no desembolsará ningún producto del Préstamo hasta que haya expirado el período de rescisión, o hasta que el Deudor renuncie dicho derecho de rescisión en la forma que manda la Ley Aplicable.-----------------------------------

---Las partes comparecientes han sido advertidas de que el Préstamo de Conversión de Capital Acumulado en la Vivienda puede ser vencedero y pagadero a la muerte, o cambio de la residencia principal del cónyuge que es el titular de la propiedad o el único dueño de la propiedad descrita en el párrafo cuatro de este instrumento.------------------------

---------------------------------------ACCEPTANCE---------------------------------------

-----The appearing parties accept this deed in its entirety and I, the Notary Public, made to the appearing parties the necessary legal warnings concerning the execution of the same. I, the Notary Public, advised the appearing parties as to their right to have witnesses present at this execution, which they waived. The appearing parties, having read this deed in its entirety, fully ratify and confirm the statements contained herein as the true and exact embodiment of their stipulations, terms and conditions. Whereupon the appearing parties sign this deed, before me, the Notary Public, and sign their initials on each and every page of this deed.------------------------------------------

---------------------------------------ACEPTACIÓN---------------------------------------



-----Los comparecientes aceptan esta escritura en su totalidad, y yo, el Notario Público, hice a los comparecientes las advertencias legales pertinentes relativas a este otorgamiento. Yo, el Notario Público, advertí a las partes comparecientes de su derecho a tener testigos presentes en este otorgamiento, al cual derecho renunciaron. Habiendo los comparecientes leído esta escritura en su totalidad, la ratifican totalmente y confirman que las declaraciones contenidas en la misma reflejan fiel y exactamente sus estipulaciones, términos y condiciones. En virtud de lo cual, los comparecientes firman esta escritura ante mí, el Notario Público, y fijan sus iniciales en cada uno de los folios de esta escritura. --------------------------------------------------------------

---I, the Notary Public, do hereby certify and give faith as to everything stated and contained in this instrument.-----------------------------------------------------------------

---*Yo, el Notario Público, por la presente certifico y doy fe de todo lo declarado y contenido en este instrumento.*----------------------------------------------------------------

I HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF ITS ORIGINAL AND OR THE CERTIFIED COPY THAT HAS BEEN SUBMITTED FOR RECORDING IN THE CORRESPONDING PROPERTY REGISTER".

NOTARY PUBLIC